UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **ANDREW LOBO,** | ) | |
| | ) | |
| Plaintiff, | ) | 03:12-cv-00594-HU |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| **CORRECTIONS OFFICER TUYEN TU,** | ) | |
| **SARGENT DAVID BOWMAN, CHRISTINE** | ) | |
| **POPOFF, JOHN AND JANE DOES #1-10,** | ) | |
| | ) | |
| Defendants. | ) | |

_____

Edie Rogoway Van Ness
ROGOWAY GREEN, LLP
0324 SW Abernethy Street
Portland, OR 97239
Telephone: (503) 935-5450
Facsimile: (503) 274-8384

    Attorney for Plaintiff Andrew Lobo

John Kroger
Attorney General
Kristin A. Winges-Yanez
Assistant Attorney General
Department of Justice
1515 SW Fifth Avenue, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Facsimile: (971) 673-5000

    Attorneys for Defendants Tuyen Tu, David
    Bowman, and Christine Popoff

1 - FINDINGS AND RECOMMENDATIONS

**HUBEL, J.,**

Plaintiff Andrew Lobo ("Plaintiff") moves the court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a). Plaintiff seeks to "individually name several individual defendants who are now identifiable and to add the State of Oregon as a defendant in Plaintiff's second claim (negligence)." (Van Ness Decl. ¶ 8.) Defendants Tuyen Tu, David Bowman and Christine Popoff (collectively, "Defendants") do not object to the amendments naming individual Doe defendants. However, to the extent Plaintiff seeks to add a negligence claim against the State of Oregon ("the State"), Defendants oppose the amendment arguing it would be futile because the State would be entitled to sovereign immunity. Pursuant to Local Rule 7-1(d)(1), the Court finds Plaintiff's motion appropriate for resolution without oral argument and hereby vacates the hearing on June 28, 2012. For the reasons set forth below, Plaintiff's motion (Docket No. 18) for leave to file a Second Amended Complaint should be **GRANTED** in part and **DENIED** in part.

### *I. PROCEDURAL BACKGROUND*

On April 5, 2012, Plaintiff, an inmate at the Coffee Creek Correctional Facility ("CCCF"), filed this civil rights action under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments. In his original Complaint, the only named defendants (Tu, Bowman, Popoff, and "Jane and John Does #1-10") were law enforcement officers at CCCF.

Plaintiff's First Amended Complaint, filed on April 11, 2012 as a matter of right, contained identical allegations and added a

2 - FINDINGS AND RECOMMENDATIONS

state tort claim for negligence against the aforementioned individual defendants.

Soon thereafter, on May 16, 2012, Plaintiff filed a motion for leave to file a Second Amended Complaint. Plaintiff's counsel has stated: "At the time the First Amended Complaint was filed, I did not know the identities of several individuals involved in the facts which give rise to Plaintiff's claims." (Van Ness Decl. ¶ 5.) Counsel also claims to have "discovered information which . . . supports a claim for Negligence against the State of Oregon." (*Id.* ¶ 9.) The proposed Second Amended Complaint addresses these apparent deficiencies.

Defendants' response to Plaintiff's motion for leave indicates they "do not object to the amendments naming individual Doe defendants (without waiving any procedural or substantive defenses that might be available against those defendants), but do object to the addition of a claim against the State of Oregon." (Defs.' Resp. Pl.'s Mot. Leave at 1.)

### *II. DISCUSSION*

Rule 15(a) is a very liberal standard and district courts "should freely give leave when justice so requires." FED. R. Civ. P. 15(a)(2). But a court may deny leave to amend after considering factors such as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility alone can justify a court's refusal to grant leave to amend. *Id.*

With respect to the State, I find that any amendment of Plaintiff's First Amended Complaint would be futile. The Eleventh

3 - FINDINGS AND RECOMMENDATIONS

Amendment "bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (citation omitted). In this case, the State declines to waive immunity. Thus, to the extent Plaintiff seeks to assert a negligence claim against the State, I deny his request for leave to amend for a second time. *See, e.g., Allen v. Oregon*, No. 3:11-cv-218-PK, 2012 WL 698361, at *7-8 (D. Or. Jan. 31, 2012) (dismissing the plaintiff's negligence claim because the State of Oregon was entitled to Eleventh Amendment immunity absent either a waiver of immunity or consent to be sued in connection with such a claim).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion (Docket No. 18) for leave to file a Second Amended Complaint should be **GRANTED** in part and **DENIED** in part.

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **July 2, 2012**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **July 19, 2012**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 12th day of June, 2012.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
Unites States Magistrate Judge

4 - FINDINGS AND RECOMMENDATIONS